John J. Burke, ISB #4619
ELAM & BURKE, P.A.
251 E. Front St., Suite 300
Post Office Box 1539
Boise, Idaho 83701
Tel: (208) 343-5454
Fax: (208) 384-5844
jjb@elamburke.com

*Attorney for Defendant*
*Teva Pharmaceuticals USA, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO, SOUTHERN DIVISION

| | |
|---|---|
| ELISE DEKLOTZ, SOPHIA DEKLOTZ, ANALENA DEKLOTZ, T.D., a minor child, and THE ESTATE OF WESLEY DEKLOTZ, a deceased person,<br><br>*Plaintiffs*,<br><br>v.<br><br>SANOFI-AVENTIS, SANOFI-AVENTIS U.S., L.L.C., MYLAN PHARMACEUTICALS, TEVA PHARMACEUTICALS USA, and JOHN and JANE DOES I through X, whose true identities are presently unknown,<br><br>*Defendants*. | Case No. 1:18-cv-00433<br><br>**NOTICE OF REMOVAL** |

Defendant Teva Pharmaceuticals USA, Inc. ("Teva USA"), incorrectly named as "TEVA Pharmaceuticals USA" by its undersigned attorney, hereby gives notice of the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the District Court of the Fifth Judicial District for the State of Idaho, in and for the County of Blaine, to the United States District Court for the District of Idaho, Southern Division.

NOTICE OF REMOVAL - 1

Removal is proper because there is federal diversity jurisdiction over this action because plaintiffs are citizens of a state different from that of each defendant. In addition, the requisite amount in controversy for federal diversity jurisdiction is satisfied.

## I.     NATURE OF THE ACTION

1. Plaintiffs commenced this action on March 15, 2018, in the District Court of the Fifth Judicial District for the State of Idaho, in and for the County of Blaine, Case No. CV07-18-00133, naming as defendants Teva USA, Mylan Pharmaceuticals Inc., incorrectly named as "Mylan Pharmaceuticals," and "Sanofi-Aventis," a non-existent entity. (*See* Complaint, attached as part of the State Court Action, as Ex. A.) Teva USA was served[1] with a copy of the Complaint on September 10, 2018. Mylan Pharmaceuticals Inc. was served with a copy of the Complaint on September 14, 2018. On September 13, 2018, plaintiffs filed a First Amended Complaint naming Sanofi-Aventis U.S. LLC as a named defendant, but continuing to name the non-existent entity "Sanofi-Aventis" as a defendant. Sanofi-Aventis U.S. LLC was served with a copy of the First Amended Complaint on September 14, 2018. To date, Teva USA and Mylan Pharmaceuticals Inc. have not been served with the First Amended Complaint.

2. This is a wrongful death product liability action brought by plaintiffs Elise DeKlotz, Sophia DeKlotz, Analena DeKlotz, T.D., a minor, and the Estate of Wesley DeKlotz regarding the 2016 death of Wesley DeKlotz. Plaintiffs allege that Wesley DeKlotz committed suicide by gun shot after ingesting Ambien, or its generic equivalent, zolpidem, on March 16, 2016. (Complaint, ¶ XIV, Ex. A.) Plaintiffs purport to assert claims in their Complaint for strict liability; defective design; negligent manufacture; failure to warn; negligence; breach of express

---

[1] Teva USA reserves all rights and defenses with respect to the propriety or sufficiency of service relative to the use of the word "served."

NOTICE OF REMOVAL - 2

warranty; breach of implied warranty; and wrongful death against defendants Teva USA, Mylan Pharmaceuticals Inc., and Sanofi-Aventis U.S. LLC." (*See generally id.*)

## II. THE JURISDICTIONAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

3. Removal of this action is proper under 28 U.S.C. §1441, *et seq*. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) as it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

4. Where, as here, the jurisdictional amount is not alleged "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

5. Under 28 U.S.C. § 1446(c)(2)(A)(ii), a defendant may assert the amount in controversy in its notice of removal if removing from a jurisdiction where "[s]tate practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." Removal of a lawsuit is proper upon the defendant's assertion of the amount in controversy if the district court finds by a preponderance of the evidence that the amount in controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2)(B).

6. Plaintiff's Complaint seeks "[s]pecial damages, stemming from personal injuries, in an amount as may be proven at trial which are reasonable in the premises and meet the jurisdictional threshold of [Idaho state court]" and "[g]eneral damages for pain and suffering,

NOTICE OF REMOVAL - 3

emotional distress, loss of enjoyment of life, disfigurement, and physical impairment… ." (*See* Complaint, p. 8.) Specifically, plaintiffs allege they are entitled to damages due to the wrongful death of Wesley DeKlotz by suicide on March 16, 2016. (*Id.* ¶ XIV.)

7. Although Teva USA denies plaintiffs are entitled to any damages whatsoever, it is apparent that the amount in controversy requirement is satisfied in this case. Indeed, in the context of a product liability wrongful death lawsuit where the plaintiff did not specify the amount of damages sought, federal courts in the Ninth Circuit have held that a wrongful death claim in of itself is sufficient to satisfy the amount in controversy. *See Kammerdiener v. Ford Motor Co.*, No. 5:09-cv-2180, 2010 WL 682297, at *2 (C.D. Cal. Feb. 24, 2010) (holding that a plaintiff "seeking recovery for wrongful death is sufficient to establish that the amount in controversy exceeds $75,000 on the face of the Complaint."); *Corbelle v. Sanyo Elec. Trading Co.*, No. C–03–1509 EMC, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003) ("This is not a case where the complaint alleges wrongful death or permanent disability or other such facts that would clearly establish an amount in controversy in excess of $75,000."); *In re: Incretin Mimetics Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2015 WL 11658714, at *4 (S.D. Cal. Mar. 16, 2015) ("Courts have recognized that claims for wrongful death are sufficient to establish the requisite amount in controversy on the face of the complaint.").

8. Other federal courts across the country have reached the same conclusion. *See, e.g.*, *McPhail v. Deere & Co.*, 529 F.3d 947, 957 (10th Cir. 2008) (affirming propriety of federal jurisdiction in product liability wrongful death action where the complaint sought damages "in an amount in excess of Ten Thousand Dollars"); *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009) *aff'd*, 613 F.3d 1058 (11th Cir. 2010) (noting that "the court cannot image [sic] a plaintiff's lawyer saying with a straight face that this wrongful-death case should

be valued at no more than $75,000. Such a representation would fail the so-called 'laugh test.'"); *Borquez v. Brink's Inc.*, No. 3:10-cv-380, 2010 WL 931882, at *5 (N.D. Tex. Mar. 12, 2010) (observing that a complaint alleging wrongful death "affirmatively reveals on its face that the damages sought exceeded $75,000"); *Hogue v. State Farm Fire & Cas. Co.*, No. 2:08-cv-5000, 2009 WL 2525751, at *3 (E.D. La. Aug. 17, 2009) (denying remand because plaintiff's wrongful death allegations "would lead one to reasonably infer from the face of the original petition that this claim likely exceeds $75,000"); *Stewart v. Glenburney Healthcare*, No. 5:08-cv-270, 2008 WL 5412311, at *1 n.1 (S.D. Miss. Dec. 23, 2008) (denying remand because "it is facially apparent" that a wrongful-death action exceeds the threshold for removal); *Branson v. Medtronic, Inc.*, No. 5:06-cv-332, 2007 WL 170094, at *5 (M.D. Fla. Jan. 18, 2007) (where the plaintiff alleged that a defective medical device caused her husband's death, finding that the question of whether the amount in controversy requirement was met "is not even close"); *Angrignon v. KLI, Inc.*, No. 9:08-cv-81218, 2009 WL 506954, at *4 (S.D. Fla. Feb. 27, 2009) (concluding that "common sense" confirms that the amount of controversy threshold is met in a wrongful death action); *Barahona Rodriguez v. Kivett's Inc.*, No. 3:05-cv-738, 2006 WL 2645190, at *1 (S.D. Miss. Sept. 12, 2006) (denying remand because it is "facially apparent" that a wrongful-death complaint meets the federal jurisdictional limits).

9. Accordingly, although Teva USA denies any liability or that it is responsible in any way for plaintiffs' alleged damages, based upon plaintiffs' characterization of the alleged damages at issue, the amount-in-controversy requirement is satisfied.

B. **THERE IS COMPLETE DIVERSITY BETWEEN THE PARTIES**

10. Plaintiffs Elise DeKlotz, Sophia DeKlotz, Analena DeKlotz, T.D., a minor, and the Estate of Wesley DeKlotz are all citizens of Idaho. (Complaint, ¶¶ I-V.)

11. For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

12. Plaintiffs do not allege the citizenship of defendant Teva USA in their Complaint, but Teva USA is incorporated in Delaware and has its principal place of business in Pennsylvania. Therefore, for diversity purposes, Teva USA is deemed to be a citizen of Delaware and Pennsylvania.

13. Plaintiffs do not allege the citizenship of defendant Mylan Pharmaceuticals Inc. in their Complaint, but upon information and belief, defendant Mylan Pharmaceuticals Inc. is incorporated in West Virginia and has its principal place of business in West Virginia. Therefore, for diversity purposes, Mylan Pharmaceuticals Inc. is deemed to be a citizen of West Virginia.

14. Plaintiffs do not allege the citizenship of defendant Sanofi-Aventis U.S. LLC in their Complaint, but upon information and belief, defendant Sanofi-Aventis U.S. LLC, is a Delaware limited liability company. Sanofi US Services Inc. is the sole member of Sanofi-Aventis U.S. LLC. Sanofi US Services Inc. is incorporated in Delaware and has its principal place of business in New Jersey. Therefore, for diversity purposes, Sanofi-Aventis U.S. LLC is deemed to be a citizen of Delaware and New Jersey.

15. Upon information and belief, defendant Sanofi-Aventis is a non-existent entity with no legal capacity to be sued.[2] As such its purported citizenship is disregarded. *See La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96 (2d Cir. 2014) (holding that non-legal entities with no capacity to be sued do not destroy diversity jurisdiction); *Duran v. DHL Express (USA), Inc.*, No. CV 15-09965-BRO (EX), 2016 WL 742864, at *6 (C.D. Cal. Feb. 24, 2016)

---

[2] Consistent with that fact, plaintiff did not allege citizenship of "Sanofi-Aventis."

(holding that citizenship of non-existent entities is "irrelevant to the Court's diversity of citizenship analysis.").

16. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names is disregarded. Thus, the citizenships of John and Jane Does I–X are disregarded. *See also Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989).

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

17. This is a civil action within the meaning of the Acts of Congress relating to removal of cases. *See generally* 28 U.S.C. § 1446(a)-(b).

18. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because Teva USA was served with a copy of the Complaint on September 10, 2018. Defendant Mylan Pharmaceuticals Inc. was served with a copy of the Complaint on September 14, 2018. Sanofi-Aventis U.S. LLC was served with a copy of the First Amended Complaint on September 14, 2018.

19. The District Court of the Fifth Judicial District for the State of Idaho, in and for the County of Blaine, the court in which this action was filed, is located within the jurisdiction of the United States District Court for the District of Idaho, Southern Division. *See* 28 U.S.C. § 92; Dist. Idaho Loc. Civ. R. 3.1 (Civil).

20. Copies of all process, pleadings, orders, and other documents, served on defendants is attached pursuant to 28 U.S.C. § 1446(a). In addition, pursuant to Dist. Idaho Loc. Civ. R. 81.1, all documents filed with the District Court of the Fifth Judicial District for the State of Idaho, in and for the County of Blaine, including the Register of Actions, are attached. (*See* Ex. A.)

21. All properly served and joined defendants consent to the removal of this action. Copies of the consents of defendants Mylan Pharmaceuticals Inc. and Sanofi-Aventis U.S. LLC are attached as Exhibits B and C respectively. The non-existent entity Sanofi-Aventis could not be and has not been properly joined or served with a copy of any pleading accompanied by formal service of process. Therefore, its consent is not required. *See* 28 U.S.C. § 1446(b)(2)(a). The consent of John and Jane Does I–X is not needed, as the consent of fictitious parties is not required to properly effect removal. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

22. A copy of this Notice of Removal is being filed with the District Court of the Fifth Judicial District for the State of Idaho, in and for the County of Blaine.

23. Written notice of removal is also being given promptly to plaintiffs, by service upon their attorney of record.

24. Teva USA reserves its right to amend or supplement this Notice of Removal.

25. By filing this Notice of Removal, Teva USA does not waive, either expressly or implicitly, its right to assert any defenses available under state and/or federal law. All such defenses are expressly reserved and preserved.

WHEREFORE, Defendant Teva Pharmaceuticals USA, Inc. hereby removes this action from the District Court of the Fifth Judicial District for the State of Idaho, in and for the County of Blaine, where it is pending under Case No. CV07-18-00133, to this Court.

Dated: October 9, 2018.

ELAM & BURKE, P.A.

/s/ John J. Burke
John J. Burke, Of the firm
*Attorney for Defendant*
*Teva Pharmaceuticals USA, Inc.*

# CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on the 9th day of October, 2018, I electronically filed the foregoing NOTICE OF REMOVAL with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

Jason R.N. Monteleone
Johnson & Monteleone, L.L.P.
350 North Ninth St., Suite 500
Boise, Idaho 83702
jason@treasurevalleylawyers.com
*Attorneys for Plaintiffs*

William A. Fuhrman
Christopher P. Graham
JONES ♦ GLEDHILL ♦ FUHRMAN ♦ GOURLEY, P.A.
225 North 9th Street, Suite 820
Post Office Box 1097
Boise, Idaho 83701
bfuhrman@idalaw.com
cgraham@idalaw.com
*Attorneys for Defendant Sanofi-Aventis U.S. LLC*

Christopher C. Burke
PARSONS BEHLE & LATIMER
800 West Main Street, Suite 1300
Boise, ID 83702
CBurke@parsonsbehle.com
*Attorneys for Defendant Mylan Pharmaceuticals Inc.*

       In addition, I caused to be served a true copy of this document by the method indicated below, and addressed to each of the following:

| | |
|---|---|
| Jason M. Reefer (*Pro Hac Vice Pending*) | ___ U.S. Mail, Postage Prepaid |
| | ___ Hand Delivered |
| PIETRAGALLO GORDON ALFANO | ___ Overnight Mail |
| BOSICK & RASPANTI, LLP | ___ Telecopy - 412.263.4235 |
| One Oxford Centre, 38th Floor | _X_ E-Mail - jmr@pietragallo.com |
| Pittsburgh, PA 15219 | |
| *Attorneys for Defendant Mylan Pharmaceuticals Inc.* | |

                                                        /s/ John J. Burke