Electronically Filed
3/15/2018 12:07 PM
Fifth Judicial District, Blaine County
Jolynn Drage, Clerk of the Court
By: April Pina, Deputy Clerk

Jason R.N. Monteleone
JOHNSON & MONTELEONE, L.L.P.
350 North Ninth St., ste. 500
Boise, Idaho 83702
Telephone:  (208) 331-2100
Facsimile:  (208) 947-2424
*jason@treasurevalleylawyers.com*
Idaho State Bar No. 5441

Attorneys for Plaintiff

## IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT FOR THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BLAINE

| | |
|---|---|
| Elise DeKlotz, Sophia DeKlotz, Analena DeKlotz, T███ D███, a minor child, and the Estate of Wesley DeKlotz, a deceased person,<br><br>          Plaintiffs<br><br>v.<br><br>Sanofi-Aventis, Mylan Pharmaceuticals, TEVA Pharmaceuticals, USA, and John and Jane Does I through X, whose true identities are presently unknown,<br><br>          Defendants | **Case No.** CV07-18-00133<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Williamson, Ned C |

COME NOW Plaintiffs, by and through their attorneys of record, Johnson & Monteleone, L.L.P., and for cause(s) of action against Defendants allege as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

I.       Plaintiff, Elise DeKlotz, currently is, and, at all times relevant to this action was, a resident of Hailey, Blaine County, Idaho.

II.     Plaintiff, Sophia DeKlotz, at all times relevant to this action was, a resident of Hailey, Blaine County, Idaho.

III.    Plaintiff, Analena DeKlotz, at all times relevant to this action was, a resident of Hailey, Blaine County, Idaho.

IV.     Plaintiff, T████ D████, is currently and at all times relevant to this action was, a resident of Hailey, Blaine County, Idaho.

V.      Plaintiff, the Estate of Wesley DeKlotz, was and is at all times relevant to this action a resident of Blaine County, Idaho.

VI.     Defendant, Sanofi-Aventis, is a pharmaceutical corporation which designed, developed, manufactured, marketed, distributed, and/or sold pharmaceutical medications in the state of Idaho, including, but not limited to, the medication known as Ambien, which is a sleep-aid medication known to be a sedative to assist in sleep and also known by the generic name of Zolpidem.

VII.    Defendant, Mylan Pharmaceuticals, is a pharmaceutical corporation which designed, developed, manufactured, marketed, distributed, and/or sold pharmaceutical medications in the state of Idaho, including, but not limited to, the medication known as Ambien, which is a sleep-aid medication known to be a sedative to assist in sleep and also known by the generic name of Zolpidem.

VIII.   Defendant, TEVA Pharmaceuticals, USA, is a pharmaceutical corporation which designed, developed, manufactured, marketed, distributed, and/or sold pharmaceutical medications in the state of Idaho, including, but not limited to, the medication known as Ambien, which is a sleep-aid medication known

to be a sedative to assist in sleep and also known by the generic name of Zolpidem.

IX.     Defendants, John/Jane Does I through X, are individuals or entities, political, corporate, or otherwise, whose true identities are unknown at the present time, but who engaged in activities and conduct set forth herein. Alternatively, John/Jane Does I through X are individuals or entities who are now, or at the material and operative times were, the agents, employees, independent contractors, subdivisions, franchisees, wholly-owned subsidiaries, or divisions of Defendants herein, or are individuals or entities acting on behalf of, or in concert with, the other Defendants named herein.

## FIRST CAUSE OF ACTION –STRICT LIABILITY

X.      Plaintiffs reallege the foregoing paragraphs as though set forth *in haec verba*.

XI.     Defendants were at all relevant times engaged in the business of marketing, selling, manufacturing, and testing, the drug Ambien/Zolpidem in question within the stream of commerce.

XII.    Defendants expected the drug Ambien/Zolpidem to reach Plaintiff or others similarly-situated without substantial change from the condition in which it was sold.

XIII.   The drug Ambien/Zolpidem did reach Plaintiff without substantial change from the condition in which it was sold and had been manufactured by Defendants.

XIV.    The drug Ambien/Zolpidem was unsafe for the foreseeable use by Plaintiff and was otherwise defective and unreasonably dangerous.  In fact, Ambien/Zolpidem caused

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

Wesley DeKlotz to commit suicide by gun-shot on March 16, 2016, as that medication was a substantial factor in causing the psychiatric/psychologic conditions that lead to suicidal ideations, planning, and ultimately carrying out the suicidal plan which resulted in the death, by his own hand, of Wesley DeKlotz on March 16, 2016.

XV.    Defendants' acts and the unreasonably dangerous condition and nature of the drug Ambien/Zolpidem were the proximate cause of and directly resulted in or substantially contributed to Plaintiff's severe injuries and for which injuries Defendants are strictly liable pursuant to I.C. §6-1401, *et seq*.

## SECOND CAUSE OF ACTION - DEFECTIVE DESIGN

XII.    Plaintiffs reallege the foregoing paragraphs as though set forth *in haec verba*.

XIII.    The drug Ambien/Zolpidem was unreasonably dangerous and in a defective condition when put to a reasonably anticipated use.

XIV.    Defendants failed to use ordinary care in the manufacture and testing of the drug Ambien/Zolpidem and thereby created an unreasonable risk of foreseeable injury to Plaintiff.

XV.    Defendants' acts were the proximate cause of and directly resulted in or substantially contributed to Plaintiff's severe injuries and for which injuries Defendant is strictly liable pursuant to I.C. §6-1401, *et seq*.

## THIRD CAUSE OF ACTION - NEGLIGENT MANUFACTURE

XVI    Plaintiffs reallege the foregoing paragraphs as though set forth *in haec verba*.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

XVII.   The drug Ambien/Zolpidem manufactured by Defendant was unreasonably dangerous and in a defective condition when put to a reasonably anticipated use.

XVIII.   Defendants failed to use ordinary care in the manufacture of the drug Ambien/Zolpidem and thus caused an unreasonable risk of foreseeable injury to Plaintiff.

XIX.   Defendants' acts directly and proximately resulted in or substantially contributed to Plaintiff's severe injuries.

## FOURTH CAUSE OF ACTION - FAILURE TO WARN

XX.   Plaintiffs reallege the foregoing paragraphs as though set forth *in haec verba*.

XXI.   Defendants failed to adequately warn of the dangers arising from taking the drug Ambien/Zolpidem or failed to give proper notice and instructions as to the defects and dangers of the drug Ambien/Zolpidem.

XXII.   Defendants knew or had reason to know that the drug Ambien/Zolpidem was unreasonably dangerous when being used with ordinary care and in the manner used by Plaintiff.

XXIII.   Alternatively, Defendants learned that the drug Ambien/Zolpidem was unreasonably dangerous when being used with ordinary care and in the manner used by Plaintiff and did not warn him of those dangers.

XXIV.   Defendants' acts and/or failures to act directly and proximately resulted in or substantially contributed to Plaintiff's severe injuries.

## FIFTH CAUSE OF ACTION - NEGLIGENCE

XXV.    Plaintiffs reallege the foregoing paragraphs as though set forth *in haec verba*.

XXVI.   Defendants failed to exercise ordinary care in marketing, designing, manufacturing, testing, and/or selling the drug Ambien/Zolpidem.

XXVII.  Defendants negligently failed to warn Plaintiff of any of the dangers faced when determining whether to use the drug Ambien/Zolpidem including, but not limited to, blisters in his mouth and a rash on the lower extremities of his body, and onset of Stevens-Johnson syndrome.

XXVIII. Defendants negligently manufactured, distributed, delivered, marketed, and/or sold a dangerous and defective product.

XXIX.   Defendants' negligent behavior set forth herein directly and proximately resulted in, or substantially contributed to, Plaintiff's severe injuries.


## SIXTH CAUSE OF ACTION - BREACH OF EXPRESS WARRANTY

XXX.    Plaintiffs reallege the foregoing paragraphs as though set forth *in haec verba*.

XXXI.   Defendants, by means of documents and other promotional materials, and other means, expressly warranted to the consuming public, including Plaintiff, that the drug Ambien/Zolpidem was safe for its intended use.

XXXII.  Defendants breached their express warranty in that the drug Ambien/Zolpidem was not as it was warranted to be but was, in fact, unsafe, dangerous, and defective.

XXXIII. The aforedescribed breaches of express warranties directly and proximately resulted in, or substantially contributed to, Plaintiff's severe injuries.

## SEVENTH CAUSE OF ACTION - BREACH OF IMPLIED WARRANTY

XXXIV. Plaintiffs reallege the foregoing paragraphs as though set forth *in haec verba*.

XXXV. Defendants impliedly warranted that the drug Ambien/Zolpidem was merchantable and fit for its particular and intended purposes.

XXXVI. Plaintiff relied upon Defendants' skill, representations, and judgment in utilizing the drug Ambien/Zolpidem and reasonably relied on the safety of their drug Ambien/Zolpidem based on representations of Defendants.

XXXVII. Defendants breached the implied warranties in that the drug Ambien/Zolpidem was not as it was warranted to be but was, in fact, unsafe, dangerous, and defective.

XXXVIII. The aforedescribed breaches of implied warranties directly and proximately resulted in, or substantially contributed to, Plaintiff's severe injuries.

XXXIX As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has been required to retain the services of Johnson & Monteleone, L.L.P., in connection with the prosecution of this action and requests an award of his attorney fees and costs incurred in the prosecution and maintenance of the instant action.

## EIGHTH CAUSE OF ACTION -- WRONGFUL DEATH

XL. Plaintiffs reallege the foregoing paragraphs as though set forth *in haec verba*.

XLI. The defective product at issue in this case, which had been developed, marketed, distributed, and sold by Defendants, caused Wesley DeKlotz to commit suicide on March 16, 2016. In turn, Defendants caused the wrongful death of Wesley

DeKlotz, and Plaintiffs are entitled to recover damages for the wrongful death of their family member pursuant to I.C. §5-311.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. Special damages, stemming from personal injuries, in an amount as may be proven at trial which are reasonable in the premises and meet the jurisdictional threshold of this Court;

2. General damages for pain and suffering, emotional distress, loss of enjoyment of life, disfigurement, and physical impairment in amounts that may be proven at trial;

3. For leave to amend this complaint to add additional causes of action based upon the outcome of discovery;

4. For Plaintiff's reasonable costs and attorney fees incurred herein; and

5. For such other and further relief as this Court deems just and equitable.

DATED: This 15th day of March, 2018.

JOHNSON & MONTELEONE, L.L.P.

Jason R. N. Monteleone
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to I.R.C.P. 38(b), Plaintiff hereby demands a trial by jury on any and all issues properly triable by jury in this action.

DATED:  This _15th_ day of March, 2018.


JOHNSON & MONTELEONE, L.L.P.

Jason R. N. Monteleone
Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL  -  9