UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF IDAHO

ELISE DEKLOTZ, SOPHIA DEKLOTZ,
ANALENA DEKLOTZ, T.D., a minor
child, and THE ESTATE OF WESLEY
DEKLOTZ, a deceased person,

*Plaintiffs*,

v.

SANOFI-AVENTIS, SANOFI-AVENTIS
U.S., L.L.C., MYLAN
PHARMACEUTICALS INC., TEVA
PHARMACEUTICALS USA, INC., and
JOHN and JANE DOES I through X, whose
true identities are presently unknown,

*Defendants*.

Case No.:   1:18-CV-0433-EJL

**ORDER**

Pending before the Court is Defendant Sanofi-Aventis U.S., LLC's Motion to

Dismiss, (Dkt. 5), and Defendant Teva Pharmaceuticals USA, Inc.'s Motion for Judgment

on the Pleadings, (Dkt. 18), which Defendant Mylan Pharmaceuticals Inc. joined, (Dkt.

19). The motions are now ripe. Having fully reviewed the docket herein, the Court finds

that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decision-making process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## BACKGROUND

On March 15, 2018, Plaintiffs filed their Complaint in the District Court of the Fifth Judicial District for the State of Idaho, in and for the County of Blaine. On November 8, 2018, Defendant Teva Pharmaceuticals USA, Inc. ("Teva USA"), removed the action to this Court based on diversity of citizenship.

Plaintiffs assert eight causes of actions under Idaho State law against the Defendants concerning product liability, breach of warranty, and wrongful death. (Dkt 1-3). Plaintiffs allege that decedent Wesley DeKlotz committed suicide by gunshot on March 15, 2016, and that his ingestion of the sleep-aid medication drug Ambien®/zolpidem was a "substantial factor in causing the psychiatric/psychologic conditions that lead to suicidal ideations, planning, and ultimately carrying out the suicidal plan . . . ." (*Id*. at ¶ XV.) Plaintiffs allege that three Defendants—Teva USA; Sanofi-Aventis U.S., LLC. ("Sanofi-Aventis"); and Mylan Pharmaceuticals Inc. ("Mylan")—manufacture Ambien®/zolpidem.

On October 16, 2018, Sanofi-Aventis filed a Motion to Dismiss on the grounds that Plaintiffs "have failed to plead any of their claims with sufficient particularity as required[.]" (Dkt. 5-1 at p. 2).

On October 16, 2018, Teva USA filed an Answer to Plaintiffs' Complaint.

ORDER-2

On January 7, 2019, Teva USA filed a Motion for Judgment on the Pleadings. (Dkt. 18.) It alleged that Plaintiffs' claims were preempted by federal law, there was no privity between the two parties, and Plaintiffs' claims were inadequately pled. (*Id.*)

On January 28, 2019, Mylan provided notice of its joinder with Teva USA's January 7, 2019 Motion for Judgment on the Pleadings. (Dkt 19.)

On February 11, 2019, Teva USA filed notice of Plaintiffs' non-opposition to Teva USA's Motion for Judgment on the Pleadings. (Dkt. 20.) Teva USA requested the Court dismiss Plaintiffs' Complaint in its entirety on three grounds: (i) federal preemption; (ii) federal pleading standards; and (iii) that the warranty claims are implausible as a matter of law. (*Id.*)

On February 21, 2019, Mylan filed notice of its joinder in Teva USA's notice of non-opposition filed on February 11, 2019. (Dkt. 21.) It requested the Court to dismiss Plaintiffs' Complaint for the same reasons Teva USA cited.

## JUDGMENT ON THE PLEADINGS

As a preliminary matter, the Court reviews whether Mylan's joinder with Teva USA's Motion for Judgment on the Pleadings was proper. Under Federal Rule of Civil Procedure 12(c), a motion for judgment on the pleadings is appropriate "[a]fter the pleadings are closed." The "pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming . . . that no counterclaim or cross-claim is made." *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005).

As Mylan stated in its notice of joinder, Plaintiffs have granted it an open-ended extension to file its responsive pleading. (Dkt. 19 at p. 2 (citing Dkt. 15).) Because Mylan

has not yet filed an answer, its joinder in Teva USA's Motion for Judgment on the Pleadings is inappropriate. *See Shame on You Prods., Inc. v. Banks*, 120 F. Supp. 3d 1123, 2015 WL 4885221, at \*9 (C.D. Cal. Aug. 14, 2015) (denying defendants' attempt to join motion for summary judgment because they had not yet filed an answer). However, because a motion for judgment on the pleadings is the equivalent of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court will construe the attempted joinder of Mylan as a motion to dismiss. *See Baiul v. NBC Sports, a division of NBCUniversal Media, LLC*, 732 F. App'x 529, 531 (9th Cir. 2018), *as amended* (June 13, 2018) (affirming construal of a defendant's Rule 12(c) motion as a Rule 12(b)(6) motion).

## STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c) differ only in the time of filing; because they are functionally identical, the same standard applies to motions brought under either rule. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (citing *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) or a Rule 12(c) motion "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. To survive such motions, a complaint must contain sufficient factual

ORDER-4

matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.
A claim has facial plausibility when the plaintiff pleads factual content that allows the court
to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*
at 556. The plausibility standard is not akin to a "probability requirement," but it asks for
more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint
pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the
line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal
conclusions that are couched as factual allegations. *Id.* Rule 8 does not "unlock the doors
of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.
Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief.
*Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be
a context-specific task that requires the reviewing court to draw on its judicial experience
and common sense." *Iqbal*, 556 U.S. at 679.

Dismissal for failure to state a claim "may be based on either a 'lack of a cognizable
legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"
*Id*. at 1121. A dismissal without leave to amend is improper unless it is beyond doubt that
the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d
728, 737 (9th Cir. 2009).

## ANAYLSIS

Plaintiffs' Complaint against Defendants formulaically recites of the elements of the claims alleged. But to survive a Rule 12(b)(6) or Rule 12(c) motion, Plaintiffs also need to identity facts that establish the elements of the underlying claims. Here, Plaintiffs provide the only the following "factual allegations" in their Complaint:

> The drug Ambien/Zolpidem was unsafe for the foreseeable use by Plaintiff and was otherwise defective and unreasonably dangerous. In fact, Ambien/Zolpidem caused Wesley DeKlotz to commit suicide by gun-shot on March 16, 2016, as that medication was a substantial factor in causing the psychiatric/psychologic conditions that lead to suicidal ideations, planning, and ultimately carrying out the suicidal plan which resulted in the death, by his own hand, of Wesley DeKlotz on March 16, 2016.

(*Id*. at ¶ XIV.)

> Defendants negligently failed to warn Plaintiff of any of the dangers faced when determining whether to use the drug Ambien/Zolpidem including, but not limited to, blisters in his mouth and a rash on the lower extremities of his body, and onset of Stevens-Johnson syndrome.

(*Id*. at ¶ XXVII.) No further facts are provided.

Plaintiffs intend these "factual allegations" to support the following eight claims for relief: (1) "strict liability" for marketing, selling, manufacturing, and testing Ambien®/zolpidem, an "unsafe . . . defective and unreasonably dangerous" product; (2) defective design of Ambien®/zolpidem; (3) negligent manufacture of Ambien®/zolpidem; (4) failure to warn that Ambien®/zolpidem was "unreasonably dangerous"; (5) negligently failing to warn and negligently manufacturing, distributing, delivering, marketing and/or selling Ambien®/zolpidem; (6) breach of express warranty; (7) breach of implied warranty; and (8) wrongful death.

ORDER-6

Plaintiffs' allegations are legal conclusions couched as factual allegations. Plaintiffs' Complaint lacks specifics that might provide Defendants with adequate notice of the factual basis of the claims asserted against them. For instance, Plaintiffs do not attempt to identify which Defendant is responsible for manufacture and sale of the drug the decedent took, which is necessary to establish the causation element of their tort claims. Idaho has limited the common law doctrine of joint and several liability, I.C. § 6-803, and it is doubtful the Idaho Supreme Court would provide an exception to Idaho's long-standing rule requiring proof of causation. *Doe v. Cutter Biological Inc.,* 852 F. Supp. 909, 915 (D. Idaho 1994) (holding that in nonfungible product liablity tort claims "[b]ased on *existing* Idaho law, assuming plaintiff is able to prove that more than one defendant breached a duty of care to the plaintiff, Idaho would not allow recovery when it is not possible for plaintiff to prove which defendant caused his injury") (emphasis in original).

Plaintiffs also do not assert any facts that would establish privity of contract between the Defendants and Plaintiffs. In product liability disputes brought under Idaho law, the Uniform Commercial Code ("UCC") warranties "apply only to those in privity of contract with the manufacturer and those who qualify as third party beneficiaries of the underlying sales contract as defined by I.C. § 28-2-318." *Puckett v. Oakfabco, Inc.*, 979 P.2d 1174, 1183 (1999) (citing *Oats v. Nissan Motor Corp.,* 879 P.2d 1095, 1102 (Idaho 1994)). But, "when a plaintiff brings a non-privity breach of warranty action against a manufacturer or seller to recover for personal injuries allegedly sustained as a result of a defective product, that action is one for strict liability in tort," and it "should not be governed by the buyer and seller concepts of the UCC." *Oats*, 879 P.2d at 1105. Accordingly, it is appropriate to

ORDER-7

dismiss a plaintiff's breach of express and implied warranty claims in product liability personal injury actions where there is no factual allegation of a contract between the parties. *See e.g.*, *Wilson v. Amneal Pharms., L.L.C.*, No. 1:13-cv-00333-CWD, 2013 WL 6909930 at *15–16 (D. Idaho Dec. 31, 2013) (dismissing breach of implied and express warranty claims because there was no allegation of privity of contract between parties); *Elliott v. Smith & Nephew, Inc.*, No. 1:12-CV-0070-EJL-MHW, 2013 WL 1622659, at *9 (D. Idaho Apr. 15, 2013) (same).

In addition, Plaintiffs do not assert facts sufficient to establish they have standing to bring a wrongful death claim. Standing to bring such a claim is dependent on whether the claimants qualify as an "heir" under Idaho Code § 5-311 or whether an administrator or personal representative has been authorized to bring the claim by all of the decedents' heirs. *Castorena v. Gen. Elec.*, 238 P.3d 209, 220–21 (2010) (holding that an administrator or personal representative cannot independently assert a wrongful death claim but is only authorized to do so when all of the decedents' heirs have either waived their interests or been joined to the action). Plaintiffs do not allege in their Complaint what their relation to the decedent is and Plaintiff the Estate of Wesley DeKlotz has not pled any facts demonstrating it has been authorized by the heirs to assert a cause of action.

Furthermore, it appears there may be inconsistencies in the Complaint. (*See e.g.*, Dkt. 18 at p. 12 ("Indeed, in what appears to be a scrivener's error, paragraph XXVII of the Complaint in this matter still contains factual information apparently related to the

*Wilson* matter."[1]).) The Court also notes that Plaintiffs assert *theories* under which they can recover in a products liability action as separate *claims*. *See Wilson*, No. 1:13-cv-00333-CWD, 2013 WL 6909930 at *8 (dismissing a count alleging an independent cause of action for "strict products liability" because Idaho does not recognize such a claim as a separate cause of action but rather as a theory under which plaintiffs can recover for product liability claims). Furthermore, there are potential impossibility preemption issues which may bar Plaintiffs' product liability claims. *See Wilson*, No. 1:13-cv-00333-CWD, 2013 WL 6909930 *9–15 (dismissing state product liability claims because of conflicts with federal law) (citing *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 626, 131 S. Ct. 2567, 2582 (2011); *Mut. Pharm. Co., Inc. v. Bartlett,* 570 U.S. 472, 476, 133 S. Ct. 2466, 2471 (2013)). Both parties would benefit from an amended complaint that provides clarity on the claims being alleged and the underlying factual basis of those claims.

In sum, even construing the Complaint liberally, Plaintiffs have failed to state any claim upon which the Court can grant relief. Dismissal pursuant to Federal Rule of Procedure 12(b)(6) is appropriate. The Court will grant Plaintiffs leave to file an amended complaint because, based on the minimal factual allegations in the Complaint, it is not "absolutely clear that the deficiencies of the [C]omplaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). Because the

---

[1] The Complaint in this case is almost identical to the complaint in *Wilson* and was drafted by the same law firm. (*Compare* Dkt. 1-3 *with* No. 1:13-cv-00333-CWD, Dkt. 1-2.)

Complaint is dismissed, Teva USA's Motion for Judgment on the Pleadings on the pleading pursuant to Federal Rule of Procedure 12(c) is moot.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED THAT:

The Motion to Dismiss, (Dkt. 5), is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

The Plaintiffs shall file an Amended Complaint by **May 31, 2019**. The Complaint must contain sufficient factual details to give Defendants notice of the claims asserted and the basis for those claims. Failure to comply with this Order will result in the dismissal of this case with prejudice.

The Motion for Judgment on the Pleading, (Dkt 18), is **DISMISSED AS MOOT**.

DATED: May 2, 2019

Honorable Edward J. Lodge
U.S. District Judge

ORDER-10